# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALICE ALLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-cv-00989-MTS |
| CAESARS ENTERTAINMENT CORP., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Alice Allen alleges she is a sixty-six year old patron of a casino in St. Louis owned by Defendant Caesars Entertainment Corporation. She filed this pro se action asserting a claim sounding in negligence against Defendant. Plaintiff alleges she holds a diamond tier level Caesars Rewards account and "has been earning about $370 [in] free slot play" per month. Doc. [8] ¶ 11. Plaintiff is dissatisfied with the distribution of her free slot play dollars. She complains that Defendant "unreasonabl[y]" structured her free slot play as $15 per day, instead of providing it as $90 "one day a week." *Id.* ¶¶ 11–12. It is "unreasonable for someone like [Plaintiff] to attend [the] casino daily," she says. *Id.* ¶ 12. As a result, Plaintiff alleges she sustained monetary damages, emotional distress, and loss of sleep. *Id.* ¶ 13. Defendant has moved to dismiss the action or for a more definite statement. Doc. [10].

After liberally construing Plaintiff's Amended Complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), taking as true all of Plaintiff's factual allegations, *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010), and granting all reasonable inferences in Plaintiff's favor, *id.* at 873, the Court concludes Defendant's Motion to Dismiss is well taken

because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

To state a claim for relief in a negligence case under Missouri law, a plaintiff must state facts demonstrating a duty owing from the defendant to the plaintiff, a breach of duty, and damages as a result. *Aaron v. Havens*, 758 S.W.2d 446, 447 (Mo. banc 1988); *see also Harris v. City of St. Louis*, 658 S.W.3d 49, 53 (Mo. Ct. App. 2022). Here, Plaintiff's Amended Complaint fails to state facts demonstrating Defendant breached a duty Defendant owed to her. Plaintiff maintains that Defendant owed her a duty of care "in connection with her ability to use the free slot play credit." Doc. [24] at 4. She maintains that Defendant "should not set up daily free slot [play]" so as "to avoid harm and protect Plaintiff['s] emotional health" and "protect Plaintiff from developing a habit by going to the casino daily." *Id.*

Plaintiff has not cited any case that recognizes such a duty under Missouri common law, and the Court has located none. Where the Supreme Court of Missouri has not spoken on an issue, a federal court sitting in diversity and applying Missouri law must predict how the Supreme Court of Missouri would rule. *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 897 (8th Cir. 2014); *see also Salier v. Walmart, Inc.*, 76 F.4th 796, 801 (8th Cir. 2023) ("Our task is to predict, to the best of our ability, how that Court would rule."). Plaintiff has pointed to nothing, and this Court has found nothing, either under Missouri law or from another jurisdiction that suggests the Supreme Court of Missouri would recognize a common law duty of a casino to protect an individual from developing a gambling habit. *See* Doc. [24] at 4.

"Missouri has developed a carefully crafted set of legislation regulating the gambling industry" and has "thoroughly considered the contours of Missouri casino regulations." *Jackson v. Boehringer Ingelheim Pharms., Inc.*, 4:06-cv-00969-DW, 2007 WL 9718196, at *2 (W.D. Mo. Mar. 16, 2007) (citing Mo. Code Regs. tit. 11, § 45). Missouri enacted no ban on the practice of which Plaintiff complains; nor did it impose a general duty for casinos to protect its patrons from the perils of gambling. Instead, Missouri allows individuals to voluntarily exclude themselves from casinos. *See* Mo. Rev. Stat. § 313.813; *see also* Mo. Code Regs. tit. 11, § 45-17.030. When a person applies for and is placed on the exclusion list, Missouri regulations then establish a "[d]uty" for licensees to exclude the individual from their premises. Mo. Code Regs. tit. 11, § 45-15.010 ("Duty to Exclude").

The Court is cognizant that "[a]s a federal court, [its] role in diversity cases is to interpret state law, not to fashion it." *Wivell*, 773 F.3d at 896–97 (quoting *Dannix Painting, LLC v. Sherwin–Williams Co.*, 732 F.3d 902, 905 (8th Cir. 2013)); *cf. Nestle USA, Inc. v. Doe*, 141 S. Ct. 1931, 1942 (2021) (Gorsuch, J., concurring) ("A self-governing people depends on elected representatives—not judges—to make its laws. So what may have been a proper function for common-law courts in England is no longer generally appropriate for federal tribunals in this country." (internal quotations omitted)). The Court finds the fact that Missouri's positive law substantially regulates the gambling industry but does not impose on casinos the duty that Plaintiff puts forth—or even a comparable duty—strongly suggests that the Supreme Court of Missouri would not recognize such a duty under Missouri's common law. *Cf. Jackson*, 2007 WL 9718196, at *1–2 (finding Missouri's careful regulation of the gambling industry without imposing duty upon casinos to warn of the dangers of gambling

while on certain substances made it unreasonable to conclude the Supreme Court of Missouri would find such a duty under common law).

Looking to other jurisdictions supports the Court's conclusion that the Supreme Court of Missouri would not recognize the duty Plaintiff puts forth. Other courts addressing the liability of casinos to injured plaintiffs "have imposed on casinos no higher duty to their patrons than any on other business." *Merrill v. Trump Indiana, Inc.*, 320 F.3d 729, 732 (7th Cir. 2003). Courts repeatedly have declined to recognize a duty of care for casinos to protect even compulsive gamblers, which Plaintiff does not allege she is. *See, e.g.*, *Stevens v. MTR Gaming Grp., Inc.*, 788 S.E.2d 59, 66 (W. Va. 2016) (holding no duty of care under West Virginia law for casinos with video lottery terminals to protect users from compulsively gambling); *Logan v. Ameristar Casino Council Bluffs, Inc.*, 185 F. Supp. 2d 1021, 1025 (D. Iowa 2002) (refusing to find a duty under Iowa common law for casino to prevent known compulsive gambler and alcoholic from drinking and gambling there); *Hakimoglu v. Trump Taj Mahal Assocs.*, 70 F.3d 291, 292 (3d Cir. 1995) (Alito, J.) (predicting New Jersey Supreme Court would not permit recovery by a patron from a casino for gambling losses caused by the casino's conduct in serving alcohol to patron and allowing patron to continue to gamble after obvious intoxication).[1] It is "unreasonable to believe Missouri would impose such a duty" on casinos when neither the plaintiff nor the court has located a jurisdiction that

---

[1] *See also, e.g.*, Keith C. Miller, *The Utility and Limits of Self-Exclusion Programs*, 6 UNLV Gaming L.J. 29, 46 (2015) (noting courts "have not been sympathetic" to gambler's claims against casinos seeking to recover their losses on theories "rang[ing] from negligence, intentional infliction of mental distress, contract claims, and a host of statutory and regulatory bases"); Joy Wolfe, *Casinos and the Compulsive Gambler: Is There A Duty to Monitor the Gambler's Wagers?*, 64 Miss. L.J. 687, 695 (1995) ("[C]ourts which have addressed the issue have uniformly held that the gambler cannot recover under tort law due to the absence of a duty on the part of the casino to recognize a compulsive gambler.").

has imposed such a duty. *See Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1005 (8th Cir. 2006).

\* \* \*

"Not every unfortunate incident that occurs in life, not every discomfort, not every unsatisfactory commercial transaction, not every disagreement among people and/or corporations, gives rise to a cause of action." *Syed v. Frontier Airlines, Inc.*, 522 F. Supp. 3d 503, 514 (E.D. Mo. 2021) (quoting *Lee v. Gen. Motors Corp.*, 950 F. Supp. 170, 175 (S.D. Miss. 1996)). Because Plaintiff has not cited and the Court has not found anything to support the idea that the Supreme Court of Missouri would recognize a duty by casinos to "protect [patrons] from developing a habit" of "going to [a] casino daily," Doc. [24] at 4, the Court will grant Defendant's Motion and dismiss this action.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Surreply, Doc. [29], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint, Doc. [30], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, Doc. [10], is **GRANTED**.

---

[2] Plaintiff has filed a Motion to File a Second Amended Complaint. Doc. [30]. The Court will deny it for two independent reasons. *First*, Plaintiff has failed to abide by Local Rule 4.07 in filing her Motion despite being twice informed of the specific Local Rule. *See* Docs. [22], [23]; *see also* Doc. [28] (citing *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (explaining that pro se litigants "cannot flout procedural rules" and "must abide by the same rules that apply to all other litigants")). *Second*, even if the Court overlooked Plaintiff's repeated disregard of the Local Rules, the Court concludes, after careful examination, that Plaintiff's proposed amendment would be futile. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

- 6 -

**IT IS FINALLY ORDERED** that Defendant's Motion to Strike Plaintiff's Surreply, Doc. [31], is **DENIED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of November 2023.

                                        MATTHEW T. SCHELP
                                        UNITED STATES DISTRICT JUDGE